NOT DESIGNATED FOR PUBLICATION

No. 117,731

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DONALD YOUNG,
*Appellant*,

v.

JAMES HEIMGARTNER, et al.,
*Appellees*.

MEMORANDUM OPINION

Appeal from Butler District Court; JOHN E. SANDERS, judge. Opinion filed April 6, 2018. Affirmed.

*Joshua S. Andrews*, of Cami R. Baker & Associates, P.A., of Augusta, for appellant.

*Joni Cole*, legal counsel, of El Dorado Correctional Facility, for appellees.

Before SCHROEDER, P.J., GREEN, J., and STUTZMAN, S.J.

PER CURIAM: Donald Young, an inmate with the Kansas Department of Corrections (KDOC), received a disciplinary report alleging that he committed lewd acts. After the disciplinary hearing, the hearing officer, Kenneth McGuire, found Young guilty. Young filed a petition for a writ of habeas corpus under K.S.A. 60-1501 in the trial court. He alleged multiple due process violations. The trial court summarily dismissed the petition for failing to state a cognizable claim. Young appealed and this court reversed the trial court's dismissal and remanded the case for further proceedings.

1

Following an evidentiary hearing, the trial court ordered the disciplinary case be reopened for the limited purpose of allowing Young to call a witness. After hearing the new testimony, McGuire found Young guilty. He returned his findings to the trial court and respondents moved to dismiss. The trial court dismissed the petition.

On February 13, 2015, Young, an inmate at the El Dorado Correctional Facility (EDCF), was written up for violating K.A.R. 44-12-315—Lewd Acts. Behavioral mental health provider, K. Clouser, alleged that while she was conducting a group with Young and other inmates, she witnessed Young massaging his penis with his hand. He was between two and three feet from Clouser. She walked out of the room and contacted an officer to remove Young from the group.

At the disciplinary hearing on February 19, 2015, Young testified that he did not intentionally expose himself. His jumpsuit was torn and his penis fell through the tear. When he felt a breeze on his crotch, he jumped up to situate himself. Before he could explain the situation, an officer escorted him from the room. After providing his version of the incident, Young cross-examined Clouser. She testified that she was not aware that Young's jumpsuit was ripped and stated that it was not pulled down during the incident. Clouser stated that she saw Young with his penis in his hand, moving his hand back and forth. McGuire found Young guilty of violating K.A.R. 44-12-315—Lewd Acts. McGuire sanctioned Young to 30 days in disciplinary segregation and fined him $15. The EDCF warden, James Heimgartner, approved the sanctions the same day.

Young appealed the decision to the Secretary of Corrections, Ray Roberts. Young argued that there was insufficient evidence to support the violation. He further asserted that officers violated his constitutional due process rights in their failure to provide adequate written notice, denial of his right to call witnesses, failure to conduct an impartial hearing, and failure to provide an adequate statement of the factual findings to support the disciplinary action. Roberts approved the disciplinary decision, finding that

2

the hearing officer substantially complied with the department and facility standards and procedures, and the hearing officer based his decision on some evidence.

Young filed a K.S.A. 2014 Supp. 60-1501 petition for writ of habeas corpus in the trial court, alleging the same violations as he did in his disciplinary appeal. In the petition, Young named McGuire as the respondent. The trial court notified Young that he named the wrong party and granted him additional time to file an amended petition. Young submitted an amended petition naming Heimgartner and Roberts (hereinafter, collectively referred to as KDOC) as parties. The court dismissed McGuire from the lawsuit.

KDOC answered the petition, denying all claims. It contended that "some evidence" supported McGuire's decision, which is sufficient to find a violation had occurred. KDOC then reviewed each of the due process violations Young alleged, concluding that no due process violations had occurred. It further asked the court to dismiss the petition with prejudice because Young had failed to state a claim upon which relief may be granted. KDOC attached a printout of Young's offender information on the Kansas Adult Supervised Population Electronic Repository (KASPER) web page, showing his current status, convictions, physical location history, and disciplinary report history.

The trial court summarily dismissed the petition, stating the following: "Disciplinary segregation, in itself does not implicate constitutional rights. The Court sees no violation of protected liberty rights. There is nothing atypical about petitioner's confinement. Some evidence supports conviction. [This] Court does not retry the facts. Petitioner fails to state a cognizable claim. No constitutional violations are demonstrated." Young moved for reconsideration and the trial court denied the motion for reasons stated in the original dismissal.

3

Young timely appealed the same issues. In *Young v. Heimgartner*, No. 114,603, 2016 WL 1169516 (Kan. App. 2016) (unpublished opinion), this court reviewed each alleged due process violation and reversed and remanded the case for further proceedings. This court stated that

> "summary dismissal was appropriate of Young's claims regarding inadequate written notice of the charge, timing discrepancies in the written report, and the inadequacy of the hearing officer's report. However, we find that there remain unresolved factual issues regarding Young's claims he was denied the opportunity to call witnesses on his behalf and he was not accorded a fair and impartial hearing due to interference by the hearing officer during his examination of the witness against him." *Young*, 2016 WL 1169516, at *5.

This court further determined that the trial court prematurely found that the evidence was sufficient. Moreover, this court determined that until the trial court resolved the alleged due process violations, it could not determine whether the evidence was sufficient. *Young*, 2016 WL 1169516, at *6.

The trial court held an evidentiary hearing for Young's petition. The hearing began with the parties listening to the audio recording of the disciplinary hearing. Young, however, testified that the recording did not cover the entire hearing. He explained that the disciplinary hearings are conducted over the phone. Usually the hearing officer speaks with the inmate, who provides his version of the incident and the officer determines relevancy of the inmate's proposed evidence or witnesses. For any witnesses, the parties terminate the call, the hearing officer calls the witness, and the inmate calls back to be connected into the hearing.

Young contends that he spoke to McGuire, providing his version of the incident and discussing the motion to dismiss, before the call that was played in the court occurred. In his motion to dismiss, Young claimed that he never received witness forms

4

for the disciplinary hearing. Then in the hearing, McGuire denied Young's request to call witnesses due to his failure to submit witness forms. McGuire failed to document the discussion or any reasons for denying Young's request to call witnesses. McGuire further testified that he did not remember any conversation about Young's desire to call witnesses but was certain that he would have documented it had such a conversation occurred.

Young claimed that he had asked to call correctional officer Greenwood and inmate Kyle Cole. He stated that Cole was also in the group room when the incident occurred and was an eyewitness. He wanted to call Greenwood to testify as to the condition of his jumpsuit. She had issued Young the torn jumpsuit and offered to vouch for him if any issues arose because of the tear. Nevertheless, the condition of the jumpsuit was not in question. Because Greenwood did not witness the incident, the court found that her testimony was irrelevant. The court further determined that Cole's testimony was relevant because he could testify to what he saw during the incident.

The second issue addressed was whether Young received an impartial trial. This issue revolves around four questions that Young asked Clouser, which McGuire determined were irrelevant before Clouser could answer. The four questions were substantially the following: (1) "Did you see me take my penis out of my jumpsuit?"; (2) "Was my penis erect?"; (3) "How long did you actually observe me?"; and (4) "Is it true that I apologized?". McGuire did not permit Young to finish the final question. Young contends that each of the questions was relevant to his defense because Clouser had glanced at him only momentarily before leaving the room to notify an officer. As a result, Young asserts that she misinterpreted the situation.

On the other hand, KDOC contends that the recording of the hearing makes it clear that Clouser was certain about what she saw and there was no misinterpretation.

5

KDOC further claimed that Young had the opportunity to ask Clouser sufficient questions but nothing he could have asked would have changed her story.

The trial court found that McGuire did not interfere with Young's ability to cross-examine Clouser. It determined that the questions of whether he had an erection and how long she observed him were irrelevant. The court determined that the question of whether Clouser saw Young take his penis out of his jumpsuit was relevant.

The trial court remanded the case to EDCF to reopen the disciplinary hearing for the limited purpose of hearing Cole's testimony. It ordered McGuire to issue a new decision after considering the new evidence. The court retained jurisdiction over the matter pending the review of McGuire's new hearing report.

KDOC later submitted the new hearing report to the trial court, along with a motion to dismiss. In the new report, McGuire found Young guilty of violating K.A.R. 44-12-315 by a preponderance of the evidence. He determined that Clouser was more credible than Young and Cole. As a result, he affirmed the previous conviction and the sanction previously assessed as an order. The trial court determined that McGuire had made the appropriate findings of fact and that the hearing report reflected that he considered all testimony in making his credibility determination. The court also noted that Young had filed an appeal to Heimgartner. Nevertheless, because the court had retained jurisdiction, it considered Young's appeal as an objection to the new findings. The sole complaint in the objection was McGuire's credibility determination. The court determined that Young's due process rights had been satisfied. It determined that the record contained "some evidence" to support the disciplinary action, that McGuire's findings were not arbitrary, and that there was no indication of shocking or intolerable conduct by prison officials or in the punishment imposed. The trial court dismissed the K.S.A. 60-1501 petition for failure to state a cognizable claim.

6

*Did the Trial Court Err in Determining that Young's Due Process Rights Were Not Violated?*

*Standard of Review*

An appellate court reviews a trial court's decision on a K.S.A. 60-1501 petition to determine whether the trial court's factual findings are supported by substantial competent evidence and are sufficient to support the court's conclusions of law. *Rice v. State*, 278 Kan. 309, 320, 95 P.3d 994 (2004). Substantial evidence is such legal and relevant evidence that a reasonable person could accept as being sufficient to support a conclusion. The trial court's conclusions of law are subject to de novo review. 278 Kan. at 320.

The sole issue in this appeal is whether the trial court erred when it concluded that McGuire did not violate Young's due process right to an impartial trial by preventing Clouser from answering three questions on cross-examination. This court previously remanded to the trial court to make findings regarding Young's due process right to an impartial hearing. *Young*, 2016 WL 1169516, at *4. According to K.S.A. 2017 Supp. 60-401(b), evidence is relevant if it has a propensity to prove a material fact. Young contends that the questions of whether Clouser observed Young take his penis out of his jumpsuit, if his penis was erect, and how long she observed him were all relevant to his contention that Clouser misunderstood the situation. He contends that each question has a tendency to prove the material facts of his defense against the allegations in the disciplinary report.

Nevertheless, if McGuire had allowed Clouser to answer the previously mentioned questions, it would not have influenced the outcome of the hearing. Because Clouser testified that she saw Young rubbing his penis, it was entirely irrelevant whether she saw Young take his penis out of his jumpsuit or whether his penis was erect or how long she

watched Young. Suppose the answer "no" is given to the question whether Young's penis was erect and to the question whether Clouser saw Young take his penis out of his jumpsuit. What of it? The point is that Clouser could have answered "no" to each of these questions, and it still would have made no difference concerning the alleged falsity of her testimony about seeing Young rubbing his penis. Clouser's testimony may be false. But its falsity would not follow from negative answers to these questions. That is, the answers to these questions are irrelevant to show the falsity of Clouser's testimony. If the answers to these questions are irrelevant, then of course they are not evidence. Thus, Young's argument would be an instance of what is called the fallacy of irrelevant evidence.

Affirmed.